**NORTHWEST TEXAS CONFERENCE OF THE UNITED METHODIST CHURCH, Appellant,**

v.

**HAPPY INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 07–91–0230–CV.

Court of Appeals of Texas, Amarillo.

Oct. 6, 1992.

---

Underwood Law Firm, Edward H. Hill, Amarillo, for appellant.

Perdue, Brandon, Fielder, Collins & Mott, Amarillo, Kevin Brennen, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

Northwest Texas Conference of the United Methodist Church Trustees (the Trustees) appeal from the summary judgment rendered in favor of Happy Independent School District (Happy) for delinquent property taxes, contending the property taxed is exempt under § 11.20 of the Texas

Property Tax Code.[1] Based upon the rationale and authorities cited below, we affirm the judgment of the trial court.

Since 1927, the trustees have owned the property which is the basis for this controversy, a campsite located in Palo Duro Canyon (the property). From the inception of their ownership and through 1981, the property enjoyed a tax exemption.

Prior to January 1, 1982, there was no statute requiring a party claiming a tax exemption for property to apply to the taxing agency for the exemption. Effective January 1, 1982, § 11.43 provides that a continuing exemption provided by § 11.20 will be granted only if application is made at least one time.

The property was assessed a tax for the year 1982. The Trustees make no claim that they lacked notice of the change in the law or the requirement of application, nor that a timely application was made to have the property exempted from 1982 taxes. It is undisputed that the Trustees have not paid, or tendered payment, for the taxes assessed in 1982.

On April 12, 1990, Happy brought suit against the Trustees [2] to collect delinquent taxes assessed on the property in 1982, and to enforce the tax lien on the property. Upon the Trustees' filing of a general denial, Happy moved for summary judgment and made a prima facie showing of the delinquency and the market value of the property. Responding, the Trustees alleged that the affidavit of Dale R. Scott (the Scott affidavit) established that the property was exempt from taxation.

The trial court awarded Happy recovery of the delinquent taxes, penalties, interest, and costs. The judgment further provided for the enforcement of the tax lien on the property, and the sale thereof to satisfy the judgment.

In this appeal, the Trustees contend (1) summary judgment was improper because (2) the undisputed summary judgment evidence was that the property was exempt from taxation, (3) § 11.433 should be retroactively applied to allow for the Trustees' late filing of the application for exemption, (4) Happy made no showing that other taxing units that have claims for delinquent taxes against the property have been joined as mandated by § 33.44(a), (5) the current tax roll or certified copy thereof was not in evidence before the trial court as required by § 33.47(a), (6) Happy submitted no evidence on the appraised value of the property according to the most recent appraisal roll mandated by § 33.50(a), and (7) since the exemption has been granted, subsequent action operating to deprive the Trustees of the benefits of the exemption results in prohibited taxation of the property. These contentions will be addressed in logical consecution.

Utilizing their second point of error, the Trustees contend that their summary judgment proof established that the property was exempt from taxation. Happy responds by advancing that the Trustees failed to exhaust the administrative remedies established in Chapters 41 and 42 of the Code, and in so doing, waived any defense based upon the exemption.

■ Section 42.09 provides that the remedies provided in the Code for protest are exclusive. Failure to exhaust those avenues results in a deprivation of the right to raise a defense against a suit to enforce collection of delinquent taxes. *Robstown Indep. School Dist. v. Anderson,* 706 S.W.2d 952, 953 (Tex.1986); and *Flowers v. Lavaca County Appraisal Dist.,* 766 S.W.2d 825, 838 (Tex.App.—Corpus Christi 1989, writ denied).

■ Since the original enactment of § 42.09, the legislature has provided two exceptions to the preclusion of defenses. If a party is claiming under either of these exceptions, he must preserve that error for

1. Tex.Tax Code Ann. (Vernon 1982 and Supp. 1992). All references to the Code and sectional references herein are to the Texas Property Tax Code, unless otherwise indicated.

2. American State Bank, Lubbock, Texas was also named as a defendant in the suit, but upon a showing that they did not own the property, the judgment recites they have no liability for the delinquent taxes. Accordingly, they are not a party to this appeal.

protest. *First Bank of Deer Park v. Harris County*, 804 S.W.2d 588, 591 (Tex. App.—Houston [1st Dist.] 1991, no writ). It must be established that as of January 1 of the year for which the tax was imposed (1) the defendant did not own the property on which the tax was imposed, or (2) the property was not located within the boundaries of the taxing unit seeking to foreclose the lien. Tex.Tax Code Ann. § 42.09(b) (Vernon Supp.1992). The Trustees have failed to avail themselves of either exception.

■ The intent of the administrative review process is to resolve the majority of tax protests at that level, thereby relieving the burden on the court system. *Webb County App. D. v. New Laredo Hotel*, 792 S.W.2d 952, 954 (Tex.1990). Compliance with these Code provisions is jurisdictional. *See e.g., Appraisal Review Board v. International Church of Foursquare Gospel*, 719 S.W.2d 160 (Tex.1986); and *Ferguson v. Chillicothe School Dist.*, 798 S.W.2d 395, 397 (Tex.App.—Amarillo 1990, writ denied).

■ The procedures prescribed by the Code are the only means by which property owners may challenge the denial of exemption status. *Keggereis v. Dallas Cent. Appraisal Dist.*, 749 S.W.2d 516 (Tex.App.—Dallas 1988, no writ). To be entitled, and exercise the right, to defend against a suit for delinquent taxes after 1982, the complaining party must follow the procedures established in the Code because they are the exclusive means for judicial review. *Shenandoah v. Swaggart Evangelistic Ass'n*, 785 S.W.2d 899, 903 (Tex.App.—Beaumont 1990, writ denied).

■ The record is devoid of any attempt by the Trustees to pursue the remedies established by the Code to protest their inclusion on the appraisal records and, thus, they have deprived the court of jurisdiction to consider their defense. *Accord General Electric Credit Corp. v. Midland Central App. Dist.*, 826 S.W.2d 124 (Tex. 1991). Consequently, the trial court was jurisdictionally prohibited from considering the Trustees' claim of tax exemption.

*Shenandoah v. Swaggart Evangelistic Ass'n*, 785 S.W.2d at 903.

■ Even if the trial court had not been precluded from considering the Trustees' summary judgment evidence, the Scott affidavit, the only evidence presented by the Trustees, is insufficient to show entitlement to the tax exemption for 1982. The affidavit states the property was, and is, entitled to be exempt, but does not allege facts supporting the exemption under § 11.20. Furthermore, other than self-serving statements in the Scott affidavit, the response fails to show support for their contention that the property currently enjoys an exemption. The Trustees' second point of error is overruled.

This determination pretermits a discussion of their seventh-point contention that once the exemption has been granted, subsequent action that operates to deprive a taxpayer of the benefits of the exemption results in prohibited taxation. There was not sufficient proof before the trial court to determine that the exemption has been granted. The Trustees' seventh point of error is overruled.

■ In their third point of error, the Trustees contend that the exemption now enjoyed by the property should be retroactively extended to the 1982 tax year pursuant to § 11.433. As discussed, the Trustees have failed to present sufficient evidence that the application was filed and approved in a timely manner pursuant to requirements of § 11.433. Furthermore, that contention was not advanced in response to Happy's motion for summary judgment, and may not be brought forth for the first time on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). Accordingly, this point of error is overruled.

■ By their fifth point of error, the Trustees contend that the certified copy of the tax roll did not comport with the requirements of § 33.47(a). We disagree.

By presenting copies of delinquent tax rolls, certified by the proper taxing authority, showing that the taxes in question were due, delinquent and unpaid, Happy suffi-

ciently established a prima facie case for collection of delinquent taxes. *Davis v. City of Austin,* 632 S.W.2d 331, 333 (Tex. 1982); § 33.47(a). The Trustees' fifth point of error is overruled.

In their sixth point of error, the Trustees contend that Happy's evidence of the value of the property was improper under § 33.50(a). In a suit for foreclosure of a tax lien, the market value of the property stated on the most recent appraisal roll is presumed to be the market value on the date of trial.

Although the valuation presented does not artfully comply with the Code provisions to create a presumption of value, the Trustees failed to present this contention in their response to the motion for summary judgment, and cannot present it for the first time on appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 677. The Trustees' sixth point of error is overruled.

In their fourth point of error, the Trustees contend that Happy was required to show other taxing units that have claims for delinquent taxes against the property were joined in the suit. No such complaint was made in their response to the motion for summary judgment, thus, it will not be heard on appeal. *Id.* Furthermore, there is no evidence to support a contention that other taxing authorities have such a claim against the Trustees. The Trustees' fourth point of error is overruled.

In summary, all of the Trustees' points of error are overruled and the judgment of the trial court is affirmed.