Affirmed and Opinion filed April 24, 2003















Affirmed and
Opinion filed April 24, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00911-CV

_______________

 

ST. JOSEPH ORTHODOX CHRISTIAN CHURCH and

AMERICAN BANK, Appellants

 

V.

 

SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, HARRIS

COUNTY, HARRIS COUNTY EDUCATION DEPARTMENT,

PORT OF HOUSTON OF HARRIS COUNTY AUTHORITY,

HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS

COUNTY HOSPITAL DISTRICT, and CITY OF HOUSTON, Appellees

______________________________________________________________________

 

On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 00-15899

______________________________________________________________________

 

O P I N I O N

 

            In this ad valorem
property tax case, St. Joseph Orthodox Christian Church and American Bank
(collectively, the “church”) appeals a summary judgment entered in favor
of  Spring Branch Independent School
District, Harris County, Harris County Education Department, Port of Houston of
Harris County Authority, Harris County Flood Control District, Harris County
Hospital District, and the City of Houston (collectively, the “taxing units”)
on the grounds that the church was entitled to an exemption from the tax and
the trial court erred in granting the summary judgment despite the church’s
counterclaim.  We affirm.

                                                                   Background

            The church purchased a parcel of
land (the “property”) in March of 1997, and the taxing units later sued the
church for property tax[1] on
the property for the portion of 1997 that the church owned it.  After the church filed a general denial
(only), the taxing units filed a motion for summary judgment on their claim for
unpaid taxes.  The church’s response
asserted that it was exempt from paying tax on the property[2] and had
attached a copy of the church’s pending application for an exemption on the
property.  Thereafter, the church filed a
“counterclaim” against Harris County Appraisal District (“HCAD”), which was not
then a party to the case, (1) asserting a due process violation in the alleged
manner that the Harris County Appraisal Review Board (the “ARB”) had denied the
church’s request for exemption; (2) reiterating its entitlement to the
exemption; and (3) requesting that the taxing units’ claim against it for
unpaid taxes be denied.  The trial court
granted the taxing units a summary judgment (the “summary judgment”) against
the church for the unpaid taxes without mention of the “counterclaim.”

                                                              Exemption Claim

            The church’s three issues on appeal
contend that the trial court erred by: (1) determining that the availability of
the church’s exemption for 1997 was controlled by whether the property was
owned on January 1 of that year, rather than the church’s exempt status on that
date; (2) not giving credence to the church’s late application for exemption;
and (3) granting summary judgment against the church despite its then recently filed
counterclaim.  Our resolution turns on
the statutory separation of actions to collect taxes and seek an exemption.

            With exceptions not applicable here,[3] a
property owner may not raise, in defense of a suit (by a taxing unit) to
enforce collection of delinquent taxes,[4] any
grounds of protest for which the Property Tax Code[5] (the
“code”) provides procedures for adjudication. 
Tex. Tax Code Ann. § 42.09
(Vernon 2001).  Rather, those procedures
are exclusive.  Id. §
42.09(a).

            One such ground of protest applies
to the denial of an application for exemption from property tax.  See id.
§ 41.41(a)(4).[6]  In this regard, the code prescribes
procedures by which a taxpayer asserts such a protest, appeals the
determination of a protest, and receives any resulting correction and refund.[7]  To this extent, a taxpayer’s claim of
entitlement to an exemption may not be raised in defense of an action for
collection of delinquent taxes.

            In this case, as against the taxing
unit’s claim for unpaid taxes, the church had no right to assert, and the trial
court had no jurisdiction to consider, the church’s claim of entitlement to an
exemption.[8]  Therefore, any such claim of entitlement
could not preclude, and is not a ground to reverse, the summary judgment for
unpaid taxes in favor of the taxing units. 
Accordingly, the church’s three issues are overruled to the extent they
assert that claim.

                                                                 Counterclaim

            In addition to asserting the merits
of its protest appeal based on its claim for the exemption and improper
procedures being followed by the ARB, the church’s third issue complains that,
because there was no summary judgment motion directed to its “counterclaim,”
the trial court should have allowed a trial on it.[9]

            However, as contrasted from a true
counterclaim filed between existing parties to a lawsuit,[10] the
church’s “counterclaim” was not asserted against an existing party (the taxing
units) but instead against HCAD, a non-party. 
Moreover, rather than effecting service of citation on HCAD,[11] the
church (according to the counterclaim’s certificate of service) merely sent a
copy of the counterclaim to counsel for the taxing units.  HCAD filed no answer to the counterclaim, nor
does the church contend, or the record reflect, that HCAD made any appearance
in the case or otherwise waived citation. 
Under these circumstances, the record fails to reflect that the church
invoked the trial court’s jurisdiction over the “counterclaim”[12] or,
thus, that the trial court could have erred in failing to properly adjudicate
it.  Accordingly, the church’s third
issue is overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed April 24,
 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

 











[1]           For purposes of this opinion, ad valorem property tax(es) will
simply be referred to as property tax(es).





[2]           See Tex. Tax Code Ann. § 11.20(a)(1)
(Vernon 2001) (providing a tax exemption for real property owned and used
primarily for religious worship by a qualified religious organization).





[3]           See id. §
42.09(b)(1), (2) (allowable defenses are that the taxpayer did not own the
property or the property was not located within the boundaries of the taxing
unit).





[4]           See id. §§
33.41(a), 33.43(a) (Vernon 2001).





[5]           The Property Tax Code is Title 1 of
the Tax Code.  See id. §§ 1.01 - 43.04
(Vernon 2001 & Supp. 2003).





[6]           To obtain an exemption, a property
owner must generally submit an application with the chief appraiser of the
appraisal district.  Id. § 11.43(a)
(Vernon 2001).  The chief appraiser then
initially determines the taxpayer’s right to the exemption, and the taxpayer
may protest a denial of the application by the appraiser under chapter 41 of
the code.  See id. §11.45(a), (c).





[7]           The protest is determined by the applicable
appraisal review board.  See id. §§ 41.41(a), 41.47(a).  A taxpayer may appeal an order of the
appraisal review board on such a determination. 
See id. § 42.01(1)(A).  Among other things, such an appeal requires
the taxpayer to file a petition for review in the district court against the
appraisal district.  Id. §
42.21(a), (b).  To the extent the
determination of an appeal results in a change in the appraisal records, the
chief appraiser corrects those records, the tax assessor sends any resulting
corrected or supplemental tax bill, and, if applicable, the taxpayer is
refunded any taxes overpaid.  See id. §§ 42.41, 42.42, 42.43.





[8]           See
Northwest Tex. Conference of United Methodist Church v. Happy Ind. Sch. Dist., 839 S.W.2d 140, 143 (Tex.
App.—Amarillo 1992, no writ); City of
Shenandoah v. Jimmy Swaggart Evangelistic Ass’n, 785 S.W.2d 899, 903 (Tex. App.—Beaumont 1990,
writ denied).





[9]           Although not material to our
disposition, the church’s brief does not specify whether it is arguing that the
judgment: (1) lacks finality; or (2) if final, is erroneous for disposing of a
claim against which summary judgment grounds were not asserted.  See
Jacobs v. Satterwhite, 65 S.W.3d 653, 655 (Tex. 2001).





[10]          See Tex. R. Civ. P. 97.





[11]          Among other things, to appeal the ARB’s determination, the church was required to serve its
petition for review against HCAD: (1) on its chief appraiser or other officer
or employee present at the HCAD office while the office was open for business
to the public; and (2) in the manner provided for civil suits generally.  See
Tex. Tax Code Ann. § 42.21(a),
(b), (d) (Vernon 2001).





[12]          See, e.g.,
Wilson v. Dunn, 800 S.W.2d 833, 836-37 (Tex. 1990); Kawasaki Steel Corp. v. Middleton, 699
S.W.2d 199, 200 (Tex. 1985).