COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

NEVADA GOLD & SILVER,
INC., RUBEN      )

WHITE, LONNIE D. CLARK, and
LONNIE D. )

ACHICK@ CLARK,                                               )             
No.  08-04-00229-CV

                                                                              )

Appellants,                         )                   Appeal from the

                                                                              )

v.                                                                           )              
109th District Court

                                                                              )

ANDREWS INDEPENDENT SCHOOL             )         of Andrews County, Texas

DISTRICT, et al.,                                                  )

                                                                              )                   (TC# 14,166)

Appellees.                          )

                                                                              )

 

 

O
P I N I O N

 








This is a lawsuit
to collect delinquent ad valorem taxes and foreclosure of tax liens on real
property in Andrews County, Texas. 
Appellants are Ruben White and Lonnie D. AChick@ Clark, who are appearing pro se.[1]  On appeal, they attack the trial court=s judgment by arguing that they were
the real parties responsible for the delinquent taxes on the property, but that
they refused to pay those taxes because the tax assessment was exorbitant and
unconstitutional.  They further contend
that their constitutional rights were violated by Appellees= denial of an administrative hearing on
their claims.  Finally, they complain of
the trial court=s failure
to enter findings of fact and conclusions of law in this case.  We affirm.

On November 30,
1995, Andrews Independent School District filed suit against Nevada Gold &
Silver, Inc. (ANGS@) for the collection of delinquent ad
valorem taxes on certain property in Andrews County.[2]  Appellees attempted to serve process on NGS
several times during the course of 1996.[3]  In a letter dated December 23, 1996, Lonnie
Dean Clark informed the trial court that he had received a copy of the
delinquent tax suit filed against NGS by Andrews Independent School
District.  Mr. Lonnie Dean Clark stated
that he held a first lien note on the subject property and had filed suit
against NGS in cause number 14,424 on October 22, 1996 and had requested a
default judgment in that case on November 14, 1996.  Specifically, Mr. Lonnie Dean Clark stated:








I request the court to
hear cause number 14,424 prior to hearing cause number 14,166 and grant a
judgment by default in cause number 14,424 so the plaintiff in cause number
14,424 can pay the Andrews County Independent School District all the taxes due
on land without adding unnecessary expense of legal fees, court costs and other
penalties which the plaintiff in cause number 14,424 will inherit due to no
fault of his actions.  The plaintiff in
cause number 14,424 has been ready to pay all taxes due on said land for over a
year and has done all that is reasonably possible or that is in his power to
legally get the taxes paid.

 

On December 9,
2002, Lonnie D. AChick@ Clark and Ruben White filed a ANotification and Request to the 109th
District Court Judge, the Honorable James L. Rex Pursuant to Case No. 14,166.@ 
In the pleading, Mr. Clark and Mr. White explained that they were the defendants
in cause number 14,424.[4]  In that cause, plaintiffs Lonnie Dean Clark
and Tiger Tail Farms, Inc. obtained a default judgment on February 3, 1997
against Lonnie D. Clark, P.R.D.E., Inc., and NGS in the amount of $607,500 with
interest in the amount of $444,746.[5]  The default judgment held each defendant
jointly and severally liable until all the land listed in a warranty deed dated
September 14, 1993 was Areturned
free and clear of any impediments including all taxes that are delinquent at
the time of this order.@








According to their
pleading, Ruben White and Lonnie D. Clark, alleged that they repeatedly
requested an administrative hearing from the Andrews County Appraisal District
regarding the delinquent taxes prior to the taxes becoming delinquent.  In support of their statement, Mr. White and
Mr. Clark attached a copy of a letter dated March 23, 1998 to the Andrews
County Appraisal District Board of Review, in which Mr. Clark requested to meet
with the Board Aas soon
as possible pertaining to the property taxes assessed and listed under Lonnie
D. Clark, Lonnie Dean Clark and Nevada Gold & Silver, Inc., for the years
1994 through 1998.@[6]  Mr. White and Mr. Clark also informed the
trial court that on August 19, 2002, they had filed suit in federal district
court, bringing a constitutional challenge to the taxes assessed on the subject
property in the instant cause.  According
to Mr. White and Mr. Clark, they had refused to pay the taxes set on the
property because the taxes that were assessed were several times more than
those set for similar adjoining properties.








Apparently, the
trial court postponed the final hearing in the case pending the resolution of
the federal lawsuit filed by Mr. White and Mr. Clark.  In the federal lawsuit, Mr. White and Mr.
Clark brought a Section 1983 civil rights claim against Andrews County
Appraisal District, Andrews County, and Royce Underwood, Texas
Assessor-Collector for Andrews County, alleging that the tax base on their
property was set eight to ten times higher than identical properties located
within the county from 1992 through 2002. 
They also claimed that every year they requested a hearing before the
Andrews County Tax Appraisal Board, but their requests were never granted.  On December 2, 2002, the federal district
court dismissed the case for want of jurisdiction, finding that federal
jurisdiction was precluded because the Texas Tax Code provides for state
judicial review of adverse administrative actions.  Notably, the federal court concluded that:

The Tax Injunction Act
prevents a federal court from enjoining the assessment of a tax under state law
when a Aplain,
speedy and efficient remedy@
is available in State court.  Although
Plaintiffs allege that their attempts at administrative appeal were
unsuccessful, they must still exhaust available options for state judicial
review before filing a '
1983 claim in federal court. 
Accordingly, this Court lacks jurisdiction to hear Plaintiffs= claim.

 

On September 2, 2003, the Fifth
Circuit Court of Appeals affirmed the federal court=s
dismissal.








On September 29,
2003, Mr. White and Mr. Clark filed another ANotification
and Request@
pleading, in which they requested the trial court to hold a hearing and Aorder the plaintiffs in this instant
case no. 14,166, to furnish or make available a state judicial review that is
consistent with the conclusion and final judgment handed down by the United
States District Court for the Western District of Texas, Midland-Odessa
Division.@  In response, Appellees argued that Mr. White
and Mr. Clark were not defendants in the case, had no interest of record on the
subject property, and thus, no standing to intervene in the lawsuit.[7]  Appellees also asserted that the trial court
lacked subject matter jurisdiction to consider the tax appraisal challenge
because Mr. White and Mr. Clark had failed to plead that they had availed
themselves of their administrative remedies provided in Chapter 41 of the Texas
Property Tax Code and had exhausted their administrative remedies before
seeking judicial review under Chapter 42 of the Tax Code.  Further, Appellees argued that the tax
liability determination made in the default judgment in cause number 14,424 was
not binding upon the taxing jurisdictions in this cause.

Appellees= filed their sixth amended petition on
November 26, 2003.[8]  The following individuals and entities were
listed as defendants in this case:  NGS,
Lonnie Dean Clark, Bankers Commercial Life Insurance Co. (in rem only), Lonnie
Dwain Clark a.k.a. Chick Clark, United States Internal Revenue Service (in rem
only), Tom Reese, Administrative Trustee in United States of America v.
Lonnie D. Clark a.k.a. Chick Clark, no. 5:94-CR-018-C, United States
District Court, Northern District, Lubbock Division (in rem only), Tiger Tail
Farms, Inc., and Ruben White.[9]  The amended petition alleged delinquent ad
valorem taxes for the years 1994, 1995, 1997, 1998, 1999, 2000, and 2001, which
as of November 2003 amounted to $38,344.93.








On February 19,
2004, NGS, Karla Rolen, and Lonnie Dean Clark filed a AMotion
for Court to Enforce Its Decrees Pursuant to Rule 308 of Texas Rules of Civil
Procedure and for Court to Enforce Judgment Order Signed on February 3, 1997,
Said Copy Attached to This Motion Marked Exhibit 1.@[10]  According to their pleading, Ruben White had
only partially complied with the February 1997 default judgment by turning over
the land in Andrews County to Lonnie Dean Clark.  Ruben White and Lonnie D. Clark, however, had
failed to comply with the judgment=s
order to pay the back taxes that are due because those taxes were set eight to
ten times more than adjoining property that was of equal or higher value.  The movants alleged in the pleading that
Ruben White and Lonnie D. Clark were responsible for the taxes due prior to
November 1999, but that Appellees were entitled to only the fair and true
amount of taxes that should have been assessed in the first place.

The trial court
entered a final judgment on July 14, 2004. 
The trial court found that the taxing entities had valid claims for
delinquent taxes, penalties, interest, and costs in the amount of $40,083.88
and ordered foreclosure of tax liens on the subject property.  The judgment recites that the following
parties were the defendants in the case: 
NGS, Lonnie Dean Clark, Bankers Commercial Life Insurance Co. (in rem
only), Lonnie Dwain Clark a/k/a Chick Clark, United States of America, Internal
Revenue Service (in rem only), Tom Reese, Administrative Trustee in United
States of America v. Lonnie D. Clark a.k.a. Chick Clark, no. 5:94-CR-018-C,
United States District Court, Northern District, Lubbock Division (in rem
only), Tiger Tail Farms, Inc., and Ruben White.








NGS, through its
agent Karla Rolen Clark, Ruben White, Lonnie Dean Clark, and Lonnie D. AChick@
Clark filed a notice of appeal on July 20, 2004.  On the same date, the above parties also
requested findings of fact and conclusions of law from the trial court.  In their motion, the parties argued that they
had complied with all requirements to obtain an administrative hearing on the
tax appraisal assessments over the years, but their requests were ignored.  They also argued that the March 23, 1998
letter was evidence of their attempt to obtain an administrative hearing of
their claim.  The parties again urged the
trial court to enforce the February 1997 default judgment and hold Ruben White
and Lonnie D. AChick@ Clark responsible for the delinquent
taxes for the years 1994, 1995, and 1997. 
On August 17, 2004, the parties filed a notice of past due findings of
fact and conclusions of law with the trial court.  The trial court, however, failed to enter
findings of fact and conclusions of law in this case.  

We will first
address Appellees=
contention that Mr. White and Mr. Lonnie D. Clark lack standing to bring this
appeal.  Specifically, Appellees contend
that Mr. White and Mr. Clark have no standing to contest the delinquent tax
foreclosure because they admitted at trial that neither of them had any record
title to or lien against the subject property.








Generally, only
parties of record have standing to appeal. 
See Continental Cas. Co. v. Huizar, 740 S.W.2d 429, 430 (Tex.
1987).  In this case, Appellees named
both Mr. White and Mr. Lonnie D. Clark as defendants in their sixth amended
petition, the live pleading at the final hearing.  Both individuals answered and appeared at the
hearing.  Further, the judgment recites
that Mr. White and Mr. Clark are defendants in the suit.  There is no transcription of the hearing in
the record on appeal.  Standing requires
that there be a real controversy between the parties which can actually be
determined by the relief sought.  See
Texas Ass=n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  It is unclear whether either Mr. White or
Mr. Clark hold a justiciable interest in the subject property, however,
the disposition of the case would affect their interests, if any.  Under the circumstances, we cannot conclude
that they lack standing to complain of the judgment on appeal and therefore, we
will consider their complaints.

In their brief,
Mr. White and Mr. Lonnie D. Clark assert that they are responsible for all the
taxes that are legally due on all the property listed in cause number 14,424,
the default judgment case, and in cause 14,166, the instant delinquent property
tax case.  We understand Mr. White
and Mr. Clark to be arguing that the trial court erred by refusing to
enforce the default judgment against them because under that judgment they were
held jointly and severally liable for the delinquent taxes until the property
was turned over to Mr. Lonnie Dean Clark and Tiger Tail Farms, Inc.[11]

In response,
Appellees argue they were not parties to the default judgment in cause 14,424
and the tax liability determination in that judgment is not binding upon
them.  Appellees also assert the default
judgment has no effect on the taxing authorities=
power to hold the property owner on January 1 of the years for which the taxes
are imposed personally liable for those taxes or to foreclose on the tax lien
against the subject property.  See
Tex.Tax Code Ann. '' 32.01(a), 32.07(a)(Vernon
2001).  We agree.








In the trial
court, NGS, Lonnie Dean Clark, and Karla Rolen filed a motion for the court to
enforce the default judgment against Mr. White and Mr. Lonnie D. Clark.  On appeal, Mr. White and Mr. Lonnie D.
Clark contend that the trial court should have enforced that judgment because
they were held liable for all the indebtedness on the subject property,
including the delinquent property taxes. 
According to their brief, Mr. White complied with part of the default
judgment by Aassigning
property over to Lonnie Dean Clark@
on November 15, 1999, but refused to pay the delinquent taxes.  Mr. Lonnie Dean Clark and Tiger Tail Farms,
Inc., the plaintiffs who obtained the default judgment, could have pursued
enforcement of the default judgment by a writ of execution.  See Tex.R.Civ.P.
621, 621a, 622, 630.  Apparently, they
either did not seek to collect on the monetary award in the judgment or failed
in their attempts to do so.  Mr. White
and Mr. Lonnie D. Clark=s
indebtedness to Mr. Lonnie Dean Clark and Tiger Tail Farms, Inc., however, does
not alter Appellees=
authority to foreclose on the tax lien that attached to the subject property as
security for all the taxes, penalties, and interest imposed on the property
under the Tax Code.  Therefore, the trial
court did not err in refusing to grant the motion to enforce the default judgment.

On appeal, Mr.
White and Mr. Lonnie D. Clark argue that as the real parties responsible for
the delinquent taxes on the subject property (at least from 1994 to 1999), they
appropriately refused to pay those taxes because the tax assessment by the
taxing entities was exorbitant and unconstitutional.  Mr. White and Mr. Clark also contend that
their constitutional rights were violated by Appellees=
denial of an administrative hearing on their claims.  In response, Appellees argue that the trial
court properly refused to consider these complaints because it had no
jurisdiction to review the appraised value, for ad valorem tax purposes, of the
property due to Mr. White=s
and Mr. Clark=s failure
to show that they had exhausted their administrative remedies as required by
the Texas Property Tax Code.  We agree.

Taxpayer
Protest








Under the Tax
Code, a property owner has a right to an administrative protest before the
appraisal review board if, among other action, the owner disagrees with the
determination of the appraised value of the owner=s
property or believes there was an unequal appraisal of the property.  See Tex.Tax
Code Ann. ''
41.41(a)(1), (2), 41.45(a), 41.43 (Vernon 2001).  To be entitled to a hearing and determination
of a protest, the property owner initiating the protest must file a written
notice of the protest with the appraisal review board in accordance with the
procedural requirements set out in the statute.[12]  See id. at '
41.44(a), (d).  The appraisal review
board hearing a protest must determine the protest and make its decision by
written order.  See id. at ' 41.47(a).  If the property owner is dissatisfied by the
determination of the appraisal review board following the protest hearing, the
property owner is then entitled to judicial review as provided in Chapter 42 of
the Tax Code.  See id. at '' 42.01, 42.21(a).








The administrative
procedures prescribed in the Tax Code to adjudicate an appraisal value protest
are exclusive and a property owner may not raise such a protest as a defense to
a suit to enforce collection of delinquent taxes.  See id. at '
42.09(a)(1).  Thus, failure to exhaust
the exclusive administrative remedies precludes judicial review of the
appraisal and also deprives the property owner of the right to raise such
protest as a defense against a suit to enforce collection of delinquent
taxes.  See Tex. Educ. Agency v.
Cypress‑Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992)(as
a rule, a party must exhaust his administrative remedies before seeking
judicial review of an agency action); Denton Central Appraisal Dist. v. CIT
Leasing Corp., 115 S.W.3d 261, 264 (Tex.App.‑-Fort Worth 2003, pet.
denied), cert. denied, -- U.S. --, 125 S.Ct. 106, 160 L.Ed.2d 115
(2004)(judicial review of administrative orders, such as a tax assessment, is
not available unless all administrative remedies have been pursued to the
fullest extent); Northwest Tex. Conference of United Methodist Church v.
Happy Indep. Sch. Dist., 839 S.W.2d 140, 142 (Tex.App.-‑Amarillo
1992, no writ)(failure to exhaust the exclusive administrative remedies
provided in the Code results in a deprivation of the right to raise a defense
against a suit to enforce collection of delinquent taxes); First Bank of
Deer Park v. Harris County, 804 S.W.2d 588, 592 (Tex.App.--Houston [1st
Dist.] 1991, no writ)(Op. on reh=g)(failure
to exhaust administrative remedies under the Tax Code precludes a party from
seeking judicial relief).

In this case, Mr.
White and Mr. Lonnie D. Clark claim an ownership interest in the subject property
for some of the delinquent tax years, but not all.  Neither Mr. White nor Mr. Clark pleaded
or presented evidence that they had exhausted the available administrative
remedies as prescribed in the Tax Code. 
In their brief, they contend that the March 1998 letter to the Andrews
County Appraisal District Board of Review, in which they requested a hearing
with regard to taxes for the years 1994 through 1998, adequately shows their
attempt to comply with administrative procedures.  This in itself, however, is wholly
insufficient to show that they were entitled to judicial review of a final
determination from the appraisal review board. 
See Tex.Tax Code Ann.
' 42.01 (a property owner is entitled to
appeal an order of the appraisal review board determining a protest by the
property owner as provided by Subchapter C of Chapter 41 of the Tax Code).  Because the record is devoid of any evidence
that Mr. White or Mr. Clark exhausted their administrative remedies, the trial court
did not err in failing to provide them a judicial review of the disputed tax
assessments and did not err in refusing to consider their protest defense in
this suit to enforce collection of delinquent taxes.








In their brief,
Mr. White and Mr. Lonnie D. Clark also contend that the trial court erred in
failing to file findings of fact and conclusions of law.  The record shows that Mr. White and
Mr. Clark timely requested findings of facts and conclusions of law from
the trial court and when the trial court failed to make findings and
conclusions, they timely filed a notice of past due findings of fact and
conclusions of law.  It is undisputed
that the trial court did not enter findings of fact and conclusions of law in
this case.  Rather, Appellees assert that
the trial court=s failure
does not constitute reversible error and resulted in no harm to Mr. White or
Mr. Clark.

Upon a request
from any party, the trial court in a bench trial must file written findings of
fact and conclusions of law.  See Tex.R.Civ.P. 296, 297; Cherne
Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989)(trial court=s duty to make such findings and
conclusions is mandatory when timely requested by a party).  A trial court=s
failure to respond to a timely request is error and is presumed harmful unless
the record affirmatively shows that the complaining party has suffered no
harm.  Cherne Indus., Inc., 763
S.W.2d at 772.

The question to
consider in determining harm is whether the circumstances of the particular
case would force an appellant to guess the reason or reasons that the trial
court ruled against it.  See Humphrey
v. Camelot Ret. Cmty., 893 S.W.2d 55, 61 (Tex.App.‑-Corpus Christi
1994, no writ).  AIf
there is only a single ground of recovery or a single defense, an appellant
does not usually have to guess at the reasons for the trial court=s judgment.@  Larry F. Smith, Inc. v. The Weber Co.,
Inc., 110 S.W.3d 611, 614 (Tex.App.‑-Dallas 2003, pet. denied).  AWhen
there are two or more possible grounds of recovery or defense, [however], an
appellant is forced to guess what the trial court found unless the trial court=s findings are provided to him.@ 
Larry F. Smith, Inc., 110 S.W.3d at 614.  








In this case, the
issue presented to the trial court was whether the taxes that had been assessed
in the years 1994, 1995, 1997, 1998, 1999, 2000, and 2001 as described in
Appellees= petition
were delinquent.  In fact, it was
undisputed that the taxes for the listed years were delinquent.  As a matter of law, Mr. White and Mr. Lonnie
D. Clark were precluded from raising their protest to the appraisal value on
the subject property as a defense to the suit. 
Because there were no disputed facts to be resolved, there was only one
issue before the court, and Mr. White=s
and Mr. Clark=s
remaining complaints were issues of law, we conclude that Mr. White and
Mr. Clark were not harmed by the trial court=s
failure to make findings of fact and conclusions of law.

For the reasons
stated above, we overrule all of Appellants=
contentions on appeal and affirm the trial court=s
judgment.

 

 

August
25, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
Lonnie Dean Clark, NGS, and Karla Rolen Clark, apparently on behalf of NGS,
were included as parties on the notice of appeal.  However, Mr. Lonnie Dean Clark is not
represented by counsel nor does he appear pro se in this appeal.  Further, we observe that NGS is not
represented by counsel in this appeal. 
As a general rule, a corporation must be represented in court by a
licensed attorney.  See Dell
Development Corp. v. Best Industrial Uniform Supply Company, Inc., 743
S.W.2d 302, 303 (Tex.App.‑‑Houston [14th Dist.] 1987, writ denied);
Globe Leasing, Inc. v. Engine Supply & Mach. Serv., 437 S.W.2d 43,
45‑6 (Tex.Civ.App.--Houston [1st Dist.] 1969, no writ); see also Moore
By and Through Moore v. Elektro-Mobil Technik GmbH, 874 S.W.2d 324, 327
(Tex.App.--El Paso 1994, writ denied). 
We conclude that NGS and Mr. Lonnie Dean Clark are not parties to
this appeal.





[2]
Andrews County filed a plea of intervention on December 22, 1995.





[3]
The record contains a letter dated August 9, 1996 from ALonnie
D. Clark@ of
Brownfield, Texas, in response to a citation of service, which states, AI am not the secretary of Nevada Gold
& Silver, Inc., nor am I an officer in any other capacity of said
corporation.@  The record also contains a return of service
to AChick Clark@
as Aformer@
secretary for NGS on August 9, 1996 and a return of service by certified mail
to an NGS agent in Reno, Nevada on December 5, 1996.  On October 15, 2003, Karla Denise Rolen
(a.k.a Karla Denise Clark) was served process in this case as an officer of
NGS.





[4]
Ruben White represented to the court that he was the president of NGS until
November 1999.





[5]
Interestingly, the United States of America filed a writ of error in this Court
to set aside that default judgment, which was rendered upon a promissory note
secured by real property.  In United
States of America v. Lonnie Dean Clark, Tiger Tail Farms, Inc., P.R.D.E., Inc.,
Lonnie D. Clark, and Nevada Gold & Silver, Inc., No. 08-97-00355-CV
(Tex.App.--El Paso June 11, 1998, no pet.)(not designated for publication),
this Court dismissed the appeal because the appellant was not a party to the
suit and lacked privity, and therefore could not appeal the final judgment by
writ of error, now called a restricted appeal. 
See Tex.R.App.P.
30.





[6]
The March 23, 1998 letter was later submitted to the trial court
again--evidently at the final hearing. 
The letter also states, AI
Lonnie D. Clark along with Lonnie Dean Clark, Karla Rolen and Ruben White had
made requests in the past to the AISD and Mr. Underwoods office to meet with
the Appraisal District Board of Review for the years listed above [1994 through
1998] and have not been notified of a time and place to meet.@ 
The record also contains the April 7, 1998 reply letter from Chief
Appraiser Mary N. AMickey@ Green, which states:

 

Your letter of March 23, 1998
requesting an Appraisal Review Board hearing is acknowledged.  A form is included here for your use in
filing a form protests.  After the
completed protest form is received indicating property descriptions, reasons
for protest, and other identifying data, a hearing date will be scheduled.  You will be notified of an appointment date
and time.

 

The following handwritten
notation appears on the reply letter:  AMailed formal protest form back April
11, 1998.  KR.@





[7]
In their response to the Notification and Request pleading, Appellees informed
the trial court that it was their understanding that Lonnie D. Clark was Lonnie
Dwain Clark, a defendant in cause number 14,424, in which Tiger Tail Farms and
Lonnie Dean Clark (the son of Lonnie Dwain Clark) obtained a default judgment
against Lonnie Dwain Clark, P.R.D.E. Inc., and NGS.  According to Appellees, a sheriff=s sale of the subject property was
conducted on May 6, 1997 under a writ of execution.





[8]
NGS, Karla Denise Rolen, and Lonnie Dean Clark filed an answer to Appellees= fifth amended petition.  In their answer, the parties denied owing any
taxes and asserted that if any taxes were owed, Ruben White and Lonnie D. Clark
were the responsible parties.  However,
they alleged that Mr. White and Mr. Clark had told them that they refused to
pay those taxes because they were set eight to ten times higher than those on
neighboring property of equal value.





[9]
On January 9, 2004, the United States of America, for and on behalf of its
agency, the Commodity Credit Corporation, filed an original answer to Appellees= sixth amended petition, claiming a
legal interest in the subject property by virtue of a 1982 federal court
judgment against Lonnie D. Clark for the sum of $1,899,955.74, plus interest
until paid.  The Internal Revenue Service
disclaimed any interest in the instant case and was dismissed from the lawsuit
on January 15, 2004.





[10]
Texas Rule of Civil Procedure 308 provides: 

 

The court shall cause
its judgments and decrees to be carried into execution; and where the judgment
is for personal property, and it is shown by the pleadings and evidence and the
verdict, if any, that such property has an especial value to the plaintiff, the
court may award a special writ for the seizure and delivery of such property to
the plaintiff; and in such case may enforce its judgment by attachment, fine
and imprisonment.

 

Tex.R.Civ.P. 308.





[11]
Mr. White and Mr. Lonnie D. Clark represent in their brief that Lonnie Dean
Clark was the sole stockholder in Tiger Tail Farms, Inc., which became
insolvent or ceased to exist as a corporation in good standing.





[12]
A property owner who has been denied a hearing to which the property owner is
entitled to may bring suit against the appraisal review board in order to
compel the board to provide a hearing.  See
Tex.Tax Code Ann. ' 41.45(f).