ST. JOSEPH ORTHODOX CHRISTIAN CHURCH and American Bank, Appellants,

v.

SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, Harris County, Harris County Education Department, Port of Houston of Harris County Authority, Harris County Flood Control District, Harris County Hospital District, and City of Houston, Appellees.

No. 14-01-00911-CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 24, 2003.

**478**

J. Mark Brewer, Houston, for appellants.

F. Duane Force, Austin, Owen M. Sonik, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this ad valorem property tax case, St. Joseph Orthodox Christian Church and American Bank (collectively, the "church") appeals a summary judgment entered in favor of Spring Branch Independent School District, Harris County, Harris County Education Department, Port of Houston of Harris County Authority, Harris County Flood Control District, Harris County Hospital District, and the City of Houston (collectively, the "taxing units") on the grounds that the church was entitled to an exemption from the tax and the trial court erred in granting the summary judgment despite the church's counterclaim. We affirm.

## Background

The church purchased a parcel of land (the "property") in March of 1997, and the taxing units later sued the church for property tax[1] on the property for the portion of 1997 that the church owned it. After the church filed a general denial (only), the taxing units filed a motion for summary judgment on their claim for unpaid taxes. The church's response asserted that it was exempt from paying tax on the property[2] and had attached a copy of the church's pending application for an exemption on the property. Thereafter, the church filed a "counterclaim" against Harris County Appraisal District ("HCAD"), which was not then a party to the case, (1) asserting a due process violation in the alleged manner that the Harris County Appraisal Review Board (the "ARB") had denied the church's request for exemption; (2) reiterating its entitlement to the exemption; and (3) requesting that the taxing units' claim against it for unpaid taxes be denied. The trial court granted the taxing units a summary judgment (the "summary judgment") against the church for the unpaid taxes without mention of the "counterclaim."

## Exemption Claim

The church's three issues on appeal contend that the trial court erred by: (1) determining that the availability of the church's exemption for 1997 was controlled by whether the property was owned on

---

1. For purposes of this opinion, ad valorem property tax(es) will simply be referred to as property tax(es).

2. *See* Tex. Tax Code Ann. § 11.20(a)(1) (Vernon 2001) (providing a tax exemption for real property owned and used primarily for religious worship by a qualified religious organization).

January 1 of that year, rather than the church's exempt status on that date; (2) not giving credence to the church's late application for exemption; and (3) granting summary judgment against the church despite its then recently filed counterclaim. Our resolution turns on the statutory separation of actions to collect taxes and seek an exemption.

■ With exceptions not applicable here,[3] a property owner may not raise, in defense of a suit (by a taxing unit) to enforce collection of delinquent taxes,[4] any grounds of protest for which the Property Tax Code[5] (the "code") provides procedures for adjudication. TEX. TAX CODE ANN. § 42.09 (Vernon 2001). Rather, those procedures are exclusive. *Id.* § 42.09(a).

One such ground of protest applies to the denial of an application for exemption from property tax. *See id.* § 41.41(a)(4).[6] In this regard, the code prescribes procedures by which a taxpayer asserts such a protest, appeals the determination of a protest, and receives any resulting correc-

tion and refund.[7] To this extent, a taxpayer's claim of entitlement to an exemption may not be raised in defense of an action for collection of delinquent taxes.

In this case, as against the taxing unit's claim for unpaid taxes, the church had no right to assert, and the trial court had no jurisdiction to consider, the church's claim of entitlement to an exemption.[8] Therefore, any such claim of entitlement could not preclude, and is not a ground to reverse, the summary judgment for unpaid taxes in favor of the taxing units. Accordingly, the church's three issues are overruled to the extent they assert that claim.

## Counterclaim

■ In addition to asserting the merits of its protest appeal based on its claim for the exemption and improper procedures being followed by the ARB, the church's third issue complains that, because there was no summary judgment motion directed to its "counterclaim," the trial court should have allowed a trial on it.[9]

---

**3.** *See id.* § 42.09(b)(1), (2) (allowable defenses are that the taxpayer did not own the property or the property was not located within the boundaries of the taxing unit).

**4.** *See id.* §§ 33.41(a), 33.43(a) (Vernon 2001).

**5.** The Property Tax Code is Title 1 of the Tax Code. *See id.* §§ 1.01–43.04 (Vernon 2001 & Supp.2003).

**6.** To obtain an exemption, a property owner must generally submit an application with the chief appraiser of the appraisal district. *Id.* § 11.43(a) (Vernon 2001). The chief appraiser then initially determines the taxpayer's right to the exemption, and the taxpayer may protest a denial of the application by the appraiser under chapter 41 of the code. *See id.* § 11.45(a), (c).

**7.** The protest is determined by the applicable appraisal review board. *See id.* §§ 41.41(a), 41.47(a). A taxpayer may appeal an order of the appraisal review board on such a determination. *See id.* § 42.01(1)(A). Among other

things, such an appeal requires the taxpayer to file a petition for review in the district court against the appraisal district. *Id.* § 42.21(a), (b). To the extent the determination of an appeal results in a change in the appraisal records, the chief appraiser corrects those records, the tax assessor sends any resulting corrected or supplemental tax bill, and, if applicable, the taxpayer is refunded any taxes overpaid. *See id.* §§ 42.41, 42.42, 42.43.

**8.** *See Northwest Tex. Conference of United Methodist Church v. Happy Ind. Sch. Dist.,* 839 S.W.2d 140, 143 (Tex.App.-Amarillo 1992, no writ); *City of Shenandoah v. Jimmy Swaggart Evangelistic Ass'n,* 785 S.W.2d 899, 903 (Tex.App.-Beaumont 1990, writ denied).

**9.** Although not material to our disposition, the church's brief does not specify whether it is arguing that the judgment: (1) lacks finality; or (2) if final, is erroneous for disposing of a claim against which summary judgment grounds were not asserted. *See Jacobs v. Satterwhite,* 65 S.W.3d 653, 655 (Tex.2001).

However, as contrasted from a true counterclaim filed between existing parties to a lawsuit,[10] the church's "counterclaim" was not asserted against an existing party (the taxing units) but instead against HCAD, a non-party. Moreover, rather than effecting service of citation on HCAD,[11] the church (according to the counterclaim's certificate of service) merely sent a copy of the counterclaim to counsel for the taxing units. HCAD filed no answer to the counterclaim, nor does the church contend, or the record reflect, that HCAD made any appearance in the case or otherwise waived citation. Under these circumstances, the record fails to reflect that the church invoked the trial court's jurisdiction over the "counterclaim"[12] or, thus, that the trial court could have erred in failing to properly adjudicate it. Accordingly, the church's third issue is overruled, and the judgment of the trial court is affirmed.

---

**10.** *See* TEX.R. CIV. P. 97.

**11.** Among other things, to appeal the ARB's determination, the church was required to serve its petition for review against HCAD: (1) on its chief appraiser or other officer or employee present at the HCAD office while the office was open for business to the public;

and (2) in the manner provided for civil suits generally. *See* TEX TAX CODE ANN. § 42.21(a), (b), (d) (Vernon 2001).

**12.** *See, e.g., Wilson v. Dunn,* 800 S.W.2d 833, 836–37 (Tex.1990); *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 200 (Tex.1985).