Affirmed and Memorandum Opinion filed May 22, 2008














Affirmed
and Memorandum Opinion filed May 22, 2008.

 

 



 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-07-00106-CV

_______________

 

HARRIS COUNTY APPRAISAL DISTRICT, Appellant

 

V.

 

SHELL OIL CO., Appellee

                                                                                                                                               


On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2004-52451

                                                                                                                                               


 

M E M O R A N D U M   O P I
N I O N

 

In this tax dispute, Harris County
Appraisal District (hereinafter, AHCAD@) appeals the summary judgment
granted in favor of Shell Oil Co.[1]
(hereinafter, AShell@) and the denial of its own
cross-motion for summary judgment on the grounds that the trial court erred by:
(1) failing to dismiss the suit for lack of subject matter jurisdiction; (2)
granting Shell=s summary judgment motion on the basis that Harris County, an
indispensable party, was not joined in the suit and that Shell waived its
foreign-trade zone tax exemption as a matter of law; and (3) denying HCAD=s summary judgment motion because
Shell failed to prove that it was excused from its obligation to pay ad valorem taxes as agreed with Harris County.  We
affirm. 

                                                                  
Background

On December 15, 1993, the U.S.
Department of Commerce Foreign-Trade Zones Board approved the Port of Houston
Authority=s application, as grantee of Foreign-Trade Zone 84, to establish a
special purpose foreign-trade subzone for the Shell
refinery and petrochemical complex in Harris County.  As part of the
application, Shell agreed, subject to two conditions, to forego its right of
exemption under the foreign-trade zone laws with regard to Harris County
ad valorem taxes for goods that are in the subzone (the A1993 Agreement@).  In consideration, Harris County
agreed to not oppose the application to create the subzone. 
After the subzone was established in 1993, HCAD
appraised Shell=s inventory, and Shell paid ad valorem
taxes to Harris County for some years.

For tax year 2004, HCAD sent Shell a
notice of appraised value for its inventory with regard to Harris County
ad valorem taxes.  Shell filed a written protest
with the Appraisal Review Board (the AARB@) challenging HCAD=s denial of a foreign-trade zone
exemption (Athe FTZ exemption@) from Harris County ad valorem
taxes for inventory located in the Shell foreign-trade subzone. 
After a hearing, the ARB issued its Order Determining Protest in August of
2004, denying the FTZ exemption on Shell=s inventory.  Thereafter, Shell
filed suit to appeal the ARB=s order, claiming that it is entitled to the FTZ
exemption.  In the trial court, Shell moved for summary judgment; HCAD
responded and filed a cross-motion for summary judgment.  The trial court
granted Shell=s summary judgment motion, denied HCAD=s motion, and ordered that Shell is
entitled to exemption under section 11.12 of the Property Tax Code.[2]

 

Jurisdiction 

In its first issue, HCAD contends that
the trial court erred in not granting its plea to the jurisdiction.  The
basis of its plea is that, according to HCAD, this case involves a contract
dispute between Shell and Harris
 County.  Because
neither HCAD=s nor ARB=s jurisdiction extends over contract rights disputes, the
district court lacked subject matter jurisdiction to hear Shell=s appeal from ARB=s order.  

Shell counters that this case is a
tax protest action in which it appealed HCAD=s and then ARB=s denial of an FTZ exemption for the
2004 tax year.  Shell claims that had it not appealed the denial of the
requested FTZ exemption as provided by the Tax Code, the 2004 tax rolls would
have become final, foreclosing Shell=s claim of the exemption for that
year based on the exclusive remedies provision in the Tax Code.

Whether a court has subject‑matter
jurisdiction is a question of law reviewed de novo. Tex.
Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 

Tax Code Provisions

The Property Tax Code (the ATax Code@) creates appraisal districts and
requires each district to appraise property for ad valorem
tax purposes of each taxing unit within the district.  Tex.
Tax Code Ann. ' 6.01 (Vernon 2008); Atascosa County
v. Atascosa County Appraisal Dist., 990 S.W.2d 255, 257 (Tex. 1999).  To discharge this duty,
appraisal districts must establish appraisal offices and retain chief
appraisers.  Atascosa
 County, 990 S.W.2d at
257; see Tex. Tax Code Ann.
' 6.05 (Vernon 2008).  The Tax
Code also establishes an appraisal review board for each district, which is
charged with determining property owners= protests and ensuring that property
is properly appraised.  See Tex.
Tax Code Ann. '' 6.41, 41.01 (Vernon 2008); Atascosa County, 990 S.W.2d at 257.  

 

A property owner may protest the denial
of an exemption and any other action that adversely affects the property owner
by filing a timely written notice of protest with ARB.  Tex. Tax Code Ann. '' 41.41, 41.44 (Vernon 2008).  ARB then schedules a
hearing and issues a written order determining the property owner=s challenge.  See id. '' 41.45, 41.46, 41.47 (Vernon 2008); Atascosa County, 990 S.W.2d at 259.  A property owner is entitled
to appeal an ARB order denying the requested exemption within forty-five days
of notice of final order.  See Tex. Tax Code Ann. '' 41.41, 42.01, 42.21(Vernon 2008).  Review is by trial de
novo, and the district court shall try all issues of fact and law raised by
the pleadings in the manner applicable to civil suits generally.  Id. ' 42.23 (Vernon 2008).

Procedures prescribed by the Property
Tax Code for adjudication of the grounds of protest authorized by the Tax Code
are exclusive.  Id. '
42.09(a) (Vernon 2008); St. Joseph
Orthodox Christian Church v. Spring Branch Indep.
Sch. Dist., 110 S.W.3d 477, 479 (Tex. App.CHouston [14th Dist.]
2003, no pet.).  A property owner may not raise any of
those grounds as a defense to a suit to enforce collection of delinquent taxes,
or as a basis of a claim for relief in a suit by the property owner to prevent
the tax collection process or to obtain a refund on taxes paid.  Tex. Tax Code Ann.
' 42.09(a); St. Joseph Orthodox Christian
Church, 110 S.W.3d at 479.  The denial of exemption from property tax
constitutes one such ground of protest.  St. Joseph Orthodox Christian
Church, 110 S.W.3d at 479; see Tex. Tax Code Ann. ' 41.41(a)(4).  Thus, because
the Tax Code prescribes procedures by which a taxpayer asserts a protest,
appeals the determination of a protest, and receives any resulting correction
and refund, a taxpayer=s claim of entitlement to an exemption may not be raised as a
later defense.  See St.
 Joseph Orthodox Christian Church, 110 S.W.3d at 479.

Nature of the Dispute  

In this case, Shell followed the
specifically prescribed Tax Code procedures  to
protest HCAD=s appraisal.  It claimed entitlement to an FTZ exemption from Harris County
ad valorem taxes pursuant to section 11.12 of the Tax
Code.  However, HCAD claims that this case is not properly brought under
the Tax Code.  Rather, HCAD asserts, this case is not a true tax protest
action but instead involves a contract dispute between Harris County
and Shell.  Therefore, it claims, HCAD, ARB, and the district court lacked
subject matter jurisdiction under the Tax Code to adjudicate this contract
dispute.  We disagree.

 

As discussed in detail above, the Tax
Code provides but one opportunity to protest the denial of an exemption and
prescribes specific procedures the property owner must follow to that
effect.  See St. Joseph
Orthodox Christian Church, 110 S.W.3d at 479. 
Thus, filing a common law contract action against Harris County
to review the 1993 Agreement and determine the obligations under that agreement
would have neither brought relief to Shell nor settled the present
dispute.  Harris
 County has no authority
to grant Shell the requested FTZ exemption, even if it agreed that Shell is
entitled to the exemption based on the 1993 Agreement.  More importantly,
Shell would have been precluded from claiming the FTZ exemption had it not
timely followed the exclusive procedures set out in the Tax Code.  See
Tex. Tax Code Ann ' 42.09(a); St.
 Joseph Orthodox Christian Church, 110
S.W.3d at 479.

Therefore, we conclude that HCAD miscast
this case as a contract dispute improperly brought under the Tax Code. 
Because Shell properly pursued this tax protest action under the prescribed
procedures of the Tax Code, HCAD, ARB, and the district court had jurisdiction
to review Shell=s protest challenging HCAD=s denial of the FTZ exemption.[3] 
Accordingly, we overrule HCAD=s first issue.

Joinder

 

In its second issue, asserting error
in the trial court=s denial of its summary judgment, HCAD assails the refusal of
the trial court to join Harris
 County as a party in
light of the latter=s alleged status as an indispensable party in this contract
dispute.  HCAD claims that Harris
County remains a necessary party and
must be joined because the existence and the validity of Shell=s FTZ exemption can be determined
only by adjudicating the terms and conditions of Shell=s 1993 Agreement with Harris County. 
Further, HCAD asserts that Rule 39 mandates the joinder
of Harris County.  That rule requires the
presence of all persons who have an interest in the litigation to the end that
any relief awarded will effectively and completely adjudicate the
dispute.  See Tex.
R. Civ. P. 39.  

Having determined that the present
case involves a tax protest action, we look to the Tax Code for guidance in
addressing HCAD=s joinder issue.  Section
42.031(b) provides that a taxing unit may not intervene in, or in any other
manner be made a party to, an appeal of an order of the ARB determining a
taxpayer protest if the appeal was brought by the property owner.  Tex. Tax Code Ann. ' 42.031(b) (Vernon 2008).  The
Tax Code thus forecloses the joinder of a taxing unit
if a property owner appeals ARB=s order determining the property owner=s protest.  See id.

In this case, Shell appealed ARB=s order determining its protest
action and denying the requested FTZ exemption.  Harris County
could not have been joined as a party in the appeal to the district court under
section 42.031(b).  Accordingly, the trial court did not err in refusing
to join Harris County as a party in this case.  We
overrule HCAD=s issue in that respect.

Summary Judgment

In its second issue, HCAD further
argues that the trial court erred by granting Shell=s summary judgment motion because
Shell waived the FTZ exemption as a matter of law.  In its third issue,
HCAD asserts that the trial court erred by denying its summary judgment motion
because Shell failed to meet its burden of proving excuse from its obligation
under the 1993 Agreement with Harris County.

Standard of Review

 

We review summary judgments de
novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 
When, as here, both parties move for summary judgment and the trial court
grants one motion and denies the other, the appellate
court considers the summary judgment evidence presented by both sides and
determines all questions presented.  Id.  If the reviewing court
finds that the trial court erred, the appellate court renders the judgment the
trial court should have rendered.  Id.  On cross-motions for summary judgment, each
party bears the burden of establishing that it is entitled to judgment as a
matter of law.  City of Garland
v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex.
2000).  In a traditional motion for summary judgment, if
the movant=s motion and summary judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine,
material fact issue sufficient to defeat summary judgment.  M.D. Anderson Hosp. & Tumor Inst. v. Willrich,
28 S.W.3d 22, 23 (Tex.
2000). 

Analysis

In the trial court, Shell moved for
summary judgment claiming that its inventory was exempt from Harris County ad valorem taxes pursuant to section 11.12 of the Tax Code
because the inventory qualified for an FTZ exemption under 19 U.S.C.A. ' 81o(e).[4]  HCAD
responded to Shell=s motion and cross-moved for summary judgment. 
According to HCAD, the evidence shows as a matter of law that Shell expressly
waived its right to the FTZ exemption in the 1993 Agreement, in which it agreed
to forego its right of exemption.  HCAD further argued that once the right
was waived, Shell could not reclaim it without Harris County=s consent.  Shell replied that
it was entitled to summary judgment because (1) the waiver was expressly
conditioned upon preliminary actions by Harris County, (2) HCAD failed to prove
that Harris County met either of the two express conditions, and (3) Shell=s evidence conclusively showed that
Harris County failed to comply with either condition.

 

On appeal, HCAD argues that the trial
court improperly granted Shell=s summary judgment motion because, by producing the 1993
Agreement and by producing evidence that Shell honored the waiver from 1993
until 2004, it proved that Shell waived its FTZ exemption as a matter of
law.  HCAD also claims that the summary judgment record establishes Shell=s recognition of the waiver in
previous tax years.  According to HCAD, because such evidence was
sufficient to show Shell=s satisfaction that the conditions of the waiver had been met
in prior years, the burden shifted to Shell to prove that the conditions were
not currently met by Harris County.  Lastly, HCAD contends that Shell
failed to prove excuse from its obligation under the 1993 Agreement when it
failed to show that Harris
 County did not meet the
conditions of the waiver.  HCAD alleges that, because the conditions are
conditions subsequent excusing Shell=s obligations under the 1993
Agreement, it was Shell=s burden to establish HCAD=s failure to fulfill those
conditions.

In response, Shell points to what it
characterizes as uncontroverted evidence that (1)
Shell met the requirements for an FTZ exemption, and (2) it did not waive the
exemption for the 2004 tax year.  Shell alleges that it submitted
conclusive evidence of Harris
 County=s failure to meet either of the
required conditions, while HCAD submitted evidence of Shell=s honoring the waiver from only 1993
until 2004.

As stated, because both HCAD and
Shell moved for summary judgment, we consider all the summary judgment evidence
presented and determine all the questions presented.  Dorsett, 164 S.W.3d at 661.  The dispute in this case focuses on
whether Shell is entitled to an FTZ exemption or whether it has waived its
right to exemption under the 1993 Agreement.  Waiver is an intentional
relinquishment of a known right or intentional conduct inconsistent with that
right.  Jernigan v. Langley,
111 S.W.3d 153, 156 (Tex.
2003).  

The waiver at issue is conditioned
upon Harris County=s meeting two conditions.[5]  The 1993
Agreement provides:

Shell Oil Company agrees that upon activation of its
foreign-trade subzone status at its Deer Park
Manufacturing Complex, to for[e]go its right of exemption under the
Foreign-Trade Zone laws with regard to Harris County
ad valorem taxes for goods which are in the subzone for a bona fide Customs reason.

 

As condition of the above, Harris County agrees to:

 

(1) Require consistent treatment for Shell with regard
to similar industries.  If a company in a similar industry is allowed
exemption from Harris
 County ad valorem taxes then Shell will be allowed a similar right of
exemption.

 

(2) Review this agreement every three years in good
faith to consider its terms in light of existing circumstances.

 

The waiver is effective only if Harris County
satisfied both conditions.  

In order to obtain summary judgment on
an affirmative defense, a defendant must conclusively prove all essential
elements of that defense.  Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Black v. Victoria Lloyds Ins. Co., 797
S.W.2d 20, 27 (Tex.
1990).  To
defeat a plaintiff=s summary judgment motion, a defendant must only provide
summary judgment evidence that raises a fact issue on each element of an
affirmative defense.  See Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex.
1984); Brown v. Aztec Rig Equip., Inc., 921 S.W.2d 835, 845 (Tex. App.CHouston
[14th Dist.] 1996, writ denied). 

HCAD contends that the summary
judgment evidence offered to prove the status of the two conditions is conclusory, irrelevant, and does not support the trial
court=s ruling.[6] With respect
to the first condition, Shell presented Stone Exhibit H (AExhibit H@), offered in conjunction with the
deposition testimony of HCAD employee Charles Stone,[7] and two
affidavits from Shell employees Karen Shook and Glenn Jue.
     

Exhibit H contains a two page list of
companies that received FTZ exemptions for the 2004 tax year.  This
information is confirmed by Stone=s deposition in which he testified
that Exhibit H Ais a list of companies that have
received the FTZ exemption.@  Thus, this evidence shows that the companies listed in
Exhibit H have been granted an FTZ exemption from HCAD C the same exemption Shell
requested.  Additionally, as noted above, HCAD=s brief acknowledges that some of the
companies listed in Exhibit H are Areadily recognizable as petroleum companies@ and Aall [the companies listed] received the
same type of exemption as Shell.@ 

 

HCAD contends that this evidence did
not prove Harris County=s failure to meet the first
condition.  In particular, HCAD alleges that, although Exhibit H is a list
of company names, Asome readily recognizable as petroleum
companies,@ that shows Aall [the companies listed] received the
same type of exemption as Shell,@ the list does not show whether any
of these companies were treated more favorably by Harris County than
Shell was treated.  HCAD also dismisses Shook and Jue=s affidavits as conclusory
and irrelevant because they suggest only that the companies listed in Exhibit H
are similar to Shell but do not address when, whether, or under what terms the
companies were treated more favorably than Shell.

We disagree with HCAD=s contention that Shook and Jue=s affidavits were conclusory and
irrelevant.  In her affidavit, Shook testified that based on her
employment as Feed Stock and Integration manager at Shell Oil Company, she has
become familiar with the nature of operations conducted by companies in
industries similar to Shell Oil Company=s industry.  She identified four
companies as being similar industries as Shell Oil Company in the year 2004,
two of which were listed among the companies found on Exhibit H. 
Similarly, Jue testified in his affidavit that, based
on his employment as Refinery Interface Manager for Shell Chemical LP, he has
become familiar with the nature of operations conducted by companies in
industries similar to Shell Chemical LP=s industry.  He named six
companies as being similar industries to Shell Chemical LP=s industry, five of which were listed
on Exhibit H as companies having received the FTZ exemption for tax year
2004.  These affidavits are not conclusory
because the affiants testified that their statements were based on personal
knowledge obtained by virtue of their employment.[8]  

 

Additionally, the affidavits and
Exhibit H are not irrelevant simply because they do not address whether Harris County
treated the listed companies more favorably than Shell.  Under the
first condition, A[i]f a company in a similar
industry is allowed exemption from Harris County ad valorem
taxes then Shell will be allowed a similar right of exemption.@  An exemption from ad valorem taxes is by its very nature a favorable
treatment.  According to the waiver, when Harris
County grants an FTZ exemption to a
company in a similar industry as Shell, Harris County
is required to allow Shell an FTZ exemption.  Therefore, the evidence
shows that all the companies listed in Exhibit H received an FTZ exemption for
tax year 2004 and that several of these companies were in a similar industry as
Shell.  Shell established that Harris
 County did not meet the
first condition of the waiver as a matter of law.  

Consequently, the waiver was not
effective regardless of whether Shell proved that Harris County
met the second condition.  Accordingly, we overrule HCAD=s second and third issues, concluding
that the trial court properly granted Shell=s summary judgment motion and denied
HCAD=s cross-motion for summary
judgment.  We affirm the judgment of the trial court.

 

 

 

/s/        Adele
Hedges

Chief Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed May 22, 2008.

Panel consists of Chief Justice
Hedges and Justice Anderson and Senior Justice Murphy.*

 

 

 

___________________________________

* Senior Justice Paul C. Murphy
sitting by assignment.

 














[1]          
Upon the parties= joint motion to consolidate cause number 2004-52451,
entitled Shell Oil Co. v. Harris County Appraisal District, cause number
2004-53205, entitled Shell Chemical Corporation v. Harris County Appraisal
District, and cause number 2004-53206, entitled Shell Oil Company v.
Harris County Appraisal District, the trial court issued its Order
Consolidating Actions and ordered the actions consolidated into one action
under cause number 2004-52451, entitled Shell Oil Co. v. Harris County
Appraisal District.





[2]          
Section 11.12 provides that property exempt from ad valorem
taxation by federal law is exempt from taxation.  Tex. Tax Code Ann. ' 11.12 (Vernon 2008).  In turn, federal law
provides that tangible personal property located in a foreign-trade zone, which
includes a subzone, is exempt from State and local ad
valorem taxation.  See 19 U.S.C.A. '' 81c(e)(4), 81o(e) (West
1999).  There seems to be no dispute that Shell=s inventory is the type of tangible property described
in section 81o(e).





[3]          
The holdings in Jim Wells County and In re ExxonMobil
as well as the other more general authorities cited by HCAD do not support HCAD=s assertion that the present case involves a contract
dispute over which the Tax Code fails to confer subject-matter jurisdiction on
HCAD, ARB and the district court.  See
Jim Wells
County v. El Paso Prod. Oil & Gas Co., 189
S.W.3d 861, 870-71(Tex. App.CHouston
[1st Dist.] 2006, pet. denied) (holding that taxing unit cannot avoid the
procedures and remedies in the Tax Code by characterizing a statutory tax case
as a common law fraud case and dismissing taxing unit=s fraud claim for lack of subject-matter
jurisdiction); In re ExxonMobil, 153 S.W.3d
605, 613 (Tex. App.CAmarillo
2004, orig. proceeding) (holding that taxing unit cannot reclassify a tax claim
as a common law fraud claim to avoid the provisions under the Tax Code
governing the determination of such a claim).   





[4]          
See supra note 2.





[5]          
On appeal, there is no dispute that the conditional waiver binds Shell Oil Co.
as well as Shell Chemical Corp.  Also, there seems to be no dispute that,
but for the conditional waiver, Shell would be entitled to an FTZ exemption.





[6]          
HCAD did not offer any evidence regarding the two conditions.





[7]          
Charles Stone is the director of the business and industrial valuation
division.  He is responsible for overseeing the discovery, the listing,
and the valuation of all industrial real and business personal properties in Harris County.






[8]          
Rule 166a(f) requires that Asupporting and opposing
affidavits shall be made on personal knowledge, shall set forth such facts as
would be admissible in evidence, and shall show affirmatively that the affiant
is competent to testify to the matters stated therein.@ Tex.R. Civ.
P. 166a(f); Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996).