Affirmed and Memorandum Opinion filed August 28, 2008








Affirmed and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00447-CV

_______________

 

GRACE MEMORIAL BAPTIST CHURCH A/K/A GRACE BAPTIST
CHURCH N/K/A CHURCH OF THE LORD JESUS CHRIST, Appellant

 

V.

 

HARRIS COUNTY, on Behalf of Itself and on Behalf of
THE HARRIS COUNTY EDUCATION DEPARTMENT, THE PORT OF HOUSTON AUTHORITY OF HARRIS
COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL
DISTRICT; CITY OF HOUSTON; HOUSTON INDEPENDENT SCHOOL DISTRICT; HARRIS COUNTY
EDUCATION DISTRICT; and HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

                                         
                                                                                                      

On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 2004B54073

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

In this
delinquent ad valorem property tax case, a church appeals a judgment in favor
of several taxing units on the grounds that the church was improperly named in
the petition below and is immune from taxation.  Because the taxing units
established their prima facie case and the church raised no legally cognizable
defense, we affirm.








I.  Factual and Procedural Background

In
September 2004, Harris County, the Harris County Education Department, the
Harris County Education District, the Port of Houston Authority of Harris
County, the Harris County Flood Control District, the Harris County Hospital
District; the Houston Independent School District; the City of Houston; and the
Houston Community College System (collectively, the Ataxing units@) sued Grace Memorial Baptist Church
a.k.a. Grace Baptist Church n.k.a. Church of the Lord Jesus Christ (the AChurch@) for delinquent property taxes.[1] 
The taxing units sought to collect back property taxes and associated penalties
and interest on a vacant residential duplex owned by the Church and located on
Plum Drive in Houston. 

A
hearing before a tax master was conducted in April 2006.  The tax master found
that Aall parties were properly cited and
noticed@ and concluded that the Church owed
back property taxes, penalties, interest, and attorneys= fees to the taxing units in an
amount totaling nearly $60,000.  The Church appealed the tax master=s report  to the District Court. 

The
Church apparently failed to appear at the first trial setting on September 18,
2006, and the trial court rendered judgment in favor of the taxing units,
tracking the master=s report as to the amount of property taxes, penalties, interest,
and fees owed by the Church.  In March 2007, however, the trial court granted
the Church=s motion for new trial.








The
trial court conducted a bench trial on May 17, 2007.  The taxing units
presented evidence that the Church owned the property and provided a detailed
certified delinquent property tax statement from the Harris County Tax
Assessor-Collector.  In response,  the Church asserted that the taxing units
improperly named it as AGrace Memorial Baptist@ in the style of the case.  In
addition, the Church argued that  it is a sovereign entity;and therefore immune
from taxation and not subject to the court=s jurisdiction.  The taxing units
responded that religious exemptions are determined exclusively through the
Harris County Appraisal District, which was not a party to this lawsuit.  The
taxing units further asserted the trial court lacked jurisdiction over the
issue of any religious exemption because the Church had not followed the proper
procedures to obtain an exemption as a religious organization.  The Church,
however, maintained that it is not subject to section 11.20 of the Property
Code.  See Tex. Prop. Code Ann.
' 11.20 (Vernon 2008) (governing tax
exemptions for religious organizations).  The trial court agreed that it was
without jurisdiction to determine the exemption issue and rendered judgment in
favor of the taxing units on the delinquent property tax issue.  This appeal
ensued.

II.  Issues Presented

The
precise issues the Church presents on appeal are not clearly enumerated in its
brief.  Notwithstanding this lack of clarity, we glean the following issues for
review: (a) the style of the lawsuit names a non-existent not-for-profit Texas
corporation; (b) the Church is immune from State property taxes; and (c) the
Church is not required to follow the State=s procedures to obtain an exemption
from property taxes because the process violates the Church=s sovereignty.

III.  Analysis

A.        Style of Case








In the AIssues Presented@ section of its brief, the Church
states, AThe style of the suit names a
non-existent not-for-profit Texas corporation.@  But as noted above, the taxing
units filed an amended petition in which they identified the Church as AGrace Memorial Baptist Church aka
Grace Baptist Church nka Church of the Lord Jesus Christ.@  Although the shorthand style of the
suit remained the same, the Church was clearly denominated in the body of the
petition as the defendant.  Further, Church pastor Aubrey Vaughan admitted
during the bench trial that (1) the Church owns the property at issue,
(2) the pastor is the proper person to receive service on behalf of the
Church, (3) he is the pastor, and (4) he had notice of the lawsuit. 
Finally, the Church provides no argument or legal authority explaining the
significance of the allegedly incorrect manner in which the case was originally
styled.  See Tex. R. App. P. 38.1(h). 
Thus, we cannot say that this alleged error either probably caused the
rendition of an improper judgment or probably prevented the Church from
properly presenting its case to this Court.  See Tex. R. App. P. 44.1(a).  Under these circumstances, this
issue lacks merit. 

B.        The Church=s Claim of ATax Immunity@

Our
resolution of the Church=s claim of Atax immunity@ turns on the difference between the procedures established
by statute for collecting delinquent taxes and for obtaining tax exemptions. 
This case is a delinquent tax suit, and it is undisputed that taxes have not
been paid on the property since 1984.  The Church does not deny that it owns
the property or that the property is located within the boundaries of the
taxing units.  See Tex. Tax. Code
Ann. ' 42.09(b)(1), (2).  Moreover, it is uncontroverted that the Church does
not currently have a religious exemption from the Harris County Appraisal
District and has not applied for such an exemption.[2] 
Instead, the Church maintains that there is no need for it to apply for a tax
exemption because, as a church, it already is Aimmune@ from taxation.  But see Tex. Const. art. VIII, ' 1(b) (providing that all real
property is subject to taxation Aunless exempt as required or
permitted by this Constitution@) (emphasis added)). 








Regardless
of whether a property owner considers the property to be Aimmune@ or Aexempt@ from taxation, the Legislature has
provided a means for the property owner to protest the taxation of its
property.  See Tex. Tax Code Ann.
' ' 41.41(a)(3) (Vernon 2008)
(property owner is entitled to protest before the appraisal review board the
inclusion of the owner=s property on the appraisal records); (a)(9) (property owner
may also protest before the appraisal review board any action of the appraisal
district that applies to and adversely affects the property owner). 
Specifically, the property owner may protest the tax by notifying the
appropriate appraisal review board.  See id. ' (b)(3).  The appraisal review board
then conducts a hearing on the protest and issues a written decision, which may
be appealed to the district court.  Id. ' 41.47.  

With
certain exceptions that are not at issue in this case, the  procedure described
above is the exclusive means by which a property owner may adjudicate the
grounds of its tax protest.  Id. ' 42.09(a).  Moreover, because
the Tax Code provides procedures for adjudicating the Church=s asserted grounds for avoiding
taxation, those grounds cannot be used as a defense in a suit by a taxing unit
to collect delinquent taxes.  See id. (providing that a property owner
may not raise, as a defense to a suit to enforce collection of delinquent
taxes, any ground of protest that could be adjudicated by the appraisal review
board).  Thus, the Church had no right to assert, and the trial court correctly
acknowledged that it had no jurisdiction to consider, the Church=s claim of immunity from taxation.  See
Cameron Appraisal Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex. 2006) (per
curiam) (holding that Aa taxpayer=s failure to pursue an appraisal review board hearing
deprives the courts of jurisdiction@ to set aside individual
assessments); St. Joseph Orthodox Christian Church v. Spring Branch Indep.
Sch. Dist., 110 S.W.3d 477, 479 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(concluding that church=s claim of entitlement to exemption may not be raised as a
defense in a suit for collection of delinquent taxes); see also Nw. Tex.
Conference of United Methodist Church v. Happy Indep. Sch. Dist., 839
S.W.2d 140, 143 (Tex. App.CAmarillo 1992, no writ) (determining that compliance with the
administrative review process to resolve tax protests is jurisdictional); City
of Shenandoah v. Jimmy Swaggart Evangelistic Ass=n, 785 S.W.2d 899, 900, 903 (Tex. App.CBeaumont 1990, writ denied) (holding
that trial court Awas jurisdictionally prohibited from allowing the appellee to
proceed with the claim of tax exemption during any portion of the delinquent
tax suit@).  








In sum,
the Church failed to pursue the administrative procedures that were its
exclusive means of relief.[3]  Thus, its
argument regarding tax immunity could not be considered at trial and cannot be
considered on appeal.  The same is true of the Church=s argument that  it could not Asubmit jurisdiction to any other by
paying taxes or filling out demanded government forms@; this basis for protest could have
been presented to the appraisal review board.  Compare 34 Tex. Admin. Code ' 9.415(c)(7) (2008) (adopting a
form for religious organizations= applications for tax exemption) with
Tex. Tax Code Ann. ' 41.44(d) (explaining that a
notice of protest need not be on an official form).  Because the
tax-protest procedure set forth in the Tax Code is the exclusive means to
assert these arguments, they are not legally-cognizable defenses in a tax
collection proceeding. We therefore overrule the remainder of the Church=s issues presented on appeal. 

IV.  Conclusion

Having
overruled each of the Church=s issues, we affirm the judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 28, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman. 









[1] 
Initially, the taxing units sued AGrace Memorial Baptist Church, An Active Non Profit TX
Corp.@ by serving its registered agent, A.O. Singer, in
LaMarque, Texas.  By amended petition filed May 10, 2005, the taxing units
served the Church through its pastor and executive committee member, Aubrey
Vaughan, naming the Church as a defendant in the body of its petition as
follows: AGrace Memorial Baptist Church aka Grace Baptist Church
nka Church of the Lord Jesus Christ.@ 
The Church is not incorporated.





[2] 
According to Vaughan, completing the forms
required to obtain a religious exemption would violate the Church=s religious principles.  





[3] 
See
Tex. Tax Code Ann. '' 11.43(a) (application process); 41.41(a) (taxpayer=s right to protest); 41.47(a) (appraisal review board=s determination of protest); 42.01(1)(A) (property
owner=s right of appeal); 42.21(a), (b) (appeal procedure);
42.41, .42, .43 (correction of tax rolls and bills, refund of any
overpayment).  We further note that the Legislature is authorized to exempt
religious organizations from taxation but is not required to do so.  Tex. Const. art. VIII, ' 2(a).