October 28, 2011

The Honorable Mike Jackson
Chair, Committee on Economic Development
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0890

Re: Whether a local board of realtors is a
"nonprofit community business organization" for
purposes of section 11.231 of the Tax Code
(RQ-0970-GA)

Dear Senator Jackson:

You ask whether local boards of realtors qualify for the property tax exemption the
Legislature created in section 11.231, Texas Tax Code.[1]  Added in the Eighty-first Legislature,
section 11.231 provides a property tax exemption for "nonprofit community business organizations."
TEX. TAX CODE ANN. § 11.231 (West Supp. 2010); *see* Act of May 31, 2009, 81st Leg., R.S., ch.
1417, § 3, 2009 Tex. Gen. Laws 4472, 4474–75.  You tell us that "[s]everal appraisal district
around the state . . . have encountered local realtor boards applying for this exemption."  Request
Letter at 1.  You state that your original intent in adopting the provision was to allow "chambers of
commerce to spend money on local economic development initiatives rather than property taxes."
*Id.*

"The question whether a particular property is exempt from taxation depends on the facts
of the particular situation."  Tex. Att'y Gen. Op. No. GA-0827 (2010) at 2.  This office does not
determine questions of fact, and we therefore cannot ultimately determine whether a tax exemption
applies.  *See* Tex. Att'y Gen. Op. No. GA-0485 (2006) at 4 (recognizing that question of property
tax exemption involves questions of fact and is outside the purview of an attorney general opinion).
Moreover, the chief appraiser of the appraisal district in which the property is located is statutorily
charged in the first instance with determining whether property is tax exempt.  *See* TEX. TAX CODE

---

[1]*See* Letter from the Honorable Mike Jackson, Chair, Committee on Economic Development, Texas State
Senate, to Honorable Greg Abbott, Attorney General of Texas at 1 (May 10, 2011), https://www.oag.state.tx.us/opin/
index_rq.shtml ("Request Letter").  Briefing we received in connection with your request asks us to consider section
11.231's constitutionality.  Brief from Jon Miller, Law Offices of Rodgers & Miller, P.C., to Jason Boatright, Chair,
Opinion Committee at 1, 3 (Oct. 18, 2011).  We limit this opinion to the question you have asked about the interpretation
of section 11.231, presuming, as a court is required to do, that the statute is constitutional.  *See* TEX. GOV'T CODE ANN.
§ 311.021(1) (West 2005) (stating that the Legislature intends statutes to be constitutional); *Nootsie Ltd. v. Williamson
Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) (presuming that a statute is constitutional); *see also* Tex. Att'y
Gen. Op. No. GA-0762 (2010) at 4 n.5 (noting that opinions are limited to the specific question asked by an authorized
requestor).

ANN. § 11.45(a) (West 2008) ("The chief appraiser shall determine . . . each applicant's right to an exemption."); *see also St. Joseph Orthodox Christian Church v. Spring Branch Indep. Sch. Dist.*, 110 S.W.3d 477, 479 n.6 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (recognizing that chief appraiser initially determines right to a tax exemption). Thus, we cannot definitively determine whether any particular organization, including a local board of realtors, qualifies for the exemption under section 11.231. We can, however, address in general terms the legal issues raised by your request.

Subsection 11.231(a) defines a "nonprofit community business organization" to be an organization that meets certain requirements. *See* TEX. TAX CODE ANN. § 11.231 (West Supp. 2010). Specifically, the Legislature required that qualifying organizations must (1) have been in existence for at least the preceding five years; (2) be organized as a nonprofit corporation and as a 501(c)(6) organization, but not be a statewide organization; (3) have maintained, for at least the preceding three years, a dues-paying membership of at least 50 members; and (4) have an uncompensated, member-elected board of directors, be primarily supported by membership dues, not support or be supported by a political action committee, and be "engaged *primarily* in performing functions listed in Subsection (d)." *Id.* § 11.231(a) (emphasis added). In addition to the above requirements, subsection 11.231(d) further requires that

> [t]o qualify for an exemption under this section, a nonprofit community business organization must be engaged *primarily* in performing one or more of the following functions in the local community:
>
> > (1) promoting the common economic interests of commercial enterprises:
> >
> > (2) improving the business conditions of one or more types of businesses; or
> >
> > (3) otherwise providing services to aid in economic development.

*Id.* § 11.231(d) (emphasis added).

Under the plain language of subsection 11.231(a), in order to receive the tax exemption an entity must be "engaged primarily in" performing one of the functions listed in subsection 11.231(d). *See id.* § 11.231(a)(4)(C). Section 11.231 emphasizes the word "primarily" by repeating it in the requirements listed in both subsection 11.231(a) and in the list of particular economic development functions in subsection 11.231(d). *See id.* § 11.231(a), (d). Absent a specific definition in the Tax Code or a judicial opinion construing the provision, we consider the ordinary meaning of the word "primarily." *See* TEX. GOV'T CODE ANN. § 311.011(a) (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). In its most

common usage, the term "primarily" means:  "In the first place, first of all, preeminently, chiefly, principally; essentially."  XII OXFORD ENGLISH DICTIONARY 472 (2d ed. 1989).  As the term is used in the context of the statute, we believe an entity is primarily engaged in performing one of the functions listed in subsection 11.231(d) if the entity's preeminent, chief, or principal purpose is performing that function.

You indicate that your intent was to provide an exemption for local chambers of commerce. *See* Request Letter at 1.  Although that statement may manifest your intent, the Texas Supreme Court has ruled that the statement of a single legislator does not determine legislative intent.  *See AT&T Commc'ns of Tex., L.P. v. Sw. Bell Tel. Co.*, 186 S.W.3d 517, 528–29 (Tex. 2006).  The Texas Supreme Court has further stated that "[w]here [the] text is clear, text is determinative of [legislative] intent."  *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Accordingly, we are required to rely on the plain text of the statute, which grants the exemption not to a "chamber of commerce" but to a "nonprofit community business organization."  TEX. TAX CODE ANN. § 11.231(a) (West Supp. 2010).  There is no indication in the text of section 11.231 that the exemption was meant exclusively for a chamber of commerce.

Under the plain language of section 11.231, an entity that is not a chamber of commerce but that otherwise satisfies the elements in subsections 11.231(a) and 11.231(d), as determined by the chief appraiser, is a "nonprofit community business organization" that qualifies for the exemption. Whether an entity's preeminent, chief, or principal purpose is the performance of one of the particular economic development activities specified in subsection 11.231(d) is a question of fact outside the scope of the opinion process.[2]  Tex. Att'y Gen. Op. No. GA-0827 (2010) at 2.

---

[2]As indicated earlier, the chief appraiser of the appraisal district in which the property is located is charged in the first instance with determining whether property is tax exempt.  TEX. TAX CODE ANN. § 11.45(a) (West 2008); *see also N. Alamo Water Supply Corp. v. Willacy Cnty. Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991) ("Statutory exemptions from taxation are subject to strict construction because they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally. Accordingly, the burden of proof clearly showing that the organization falls within the statutory exemption is on the claimant.") (citations omitted).

**S U M M A R Y**

Under section 11.231, Texas Tax Code, an entity that is engaged primarily in performing one of the section's listed economic development functions, as determined by the chief tax appraiser, is a "nonprofit community business organization" that qualifies for the property tax exemption set forth in the section.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee